THIGPEN, Judge.
This is a condemnation and forfeiture case.
The State of Alabama filed a complaint in June 1992, requesting that the Houston County Sheriffs Office receive title to a vehicle titled to Roscell V. Stringer, pursuant to Ala.Code 1975, § 20-2-93, the Drug Profits Forfeiture Act of 1988 (Act). Following an ore tenus proceeding, the trial court condemned the vehicle and placed title and possession of the vehicle in the Houston County Sheriffs Office. Stringer appeals.
Stringer contends on appeal that the forfeiture was predicated upon an illegal search and seizure, and that Alabama’s forfeiture statute violates the equal protection provisions of the United States Constitution and the Alabama Constitution.
When evidence is presented ore tenus, the judgment of the trial court is presumed to be correct and will be affirmed when it is supported by competent evidence, unless it is shown to be plainly wrong. Culpepper v. State, 587 So.2d 359 (Ala.Civ.App.1991). The State’s standard of proof in a condemnation action is reasonable satisfaction. State v. Smith, 578 So.2d 1374 (Ala.Civ.App.1991).
The record contains testimony that in June 1991, the Houston County Sheriffs Department, acting on information received from a confidential informant, obtained a search warrant for the home of Clifford Rich. The sheriffs deputies were at Rich’s house when Rich and Stringer arrived in Stringer’s vehicle. Rich exited the vehicle, and the officers, being unsure of the identification of the men, required Rich and Stringer to identify themselves. Stringer produced his driver’s license. When Stringer opened the vehicle’s glove compartment, the deputy saw two bags of marijuana. The deputy then arrested Stringer.
Stringer first contends that the arrest and forfeiture were based upon an illegal search and seizure and therefore invalid. Specifically, Stringer’s arguments that he was not the object of the search warrant, and that there was no justification for stopping him, are meritless because he was required to produce identification when the officers asked both men to identify themselves.
A search warrant for premises does not permit searches of persons who are not reasonably associated with the premises. Stanfield v. State, 529 So.2d 1053 (Ala.Crim.App.1988). We find, however, that the war-rantless search and seizure falls within the “plain view” exception. Williams v. State, 527 So.2d 764 (Ala.Crim.App.1987). The *688 plain view doctrine authorizes the warrant-less seizure of personal property where the initial intrusion which affords the officer a plain view is lawful, the discovery of the property is inadvertent, and the incriminating nature of the property is immediately apparent. Williams, supra. Stringer freely opened the glove compartment, although he claimed at trial that the officer asked to see his registration, thus permitting the officer to see the contents of the glove compartment. Moreover, as to the confiscation of the vehicle, Stringer freely testified at trial that the substance was marijuana and that he was the owner.
Stringer next argues that Ala.Code 1975, § 20-2-93, is unconstitutional, contending that it violates the equal protection rights guaranteed by the United States and Alabama Constitutions.
In a proceeding where the constitutionality of a state statute is challenged, the attorney general of the state is entitled to be heard in the proceedings and must be served with notice. Ala.Code 1975, § 6-6-227. Although this Code section is found in the Declaratory Judgment Act, our Supreme Court has determined that when the constitutionality of an Alabama statute is challenged, service on the attorney general is mandatory and jurisdictional, despite the nature of the action. Barger v. Barger, 410 So.2d 17 (Ala.1982).
The record contains no indication that Stringer served the attorney general with notice that he was challenging the constitutionality of the Act. When a party challenging the constitutionality of a state statute fails to serve the attorney general, the trial court has no jurisdiction to decide the constitutional claim, and any judgment regarding that claim is void. Roszell v. Martin, 591 So.2d 511 (Ala.Civ.App.1991). Because Stringer did not serve the attorney general, the trial court had no jurisdiction to decide the constitutional issues, and its judgment is void with regard to the constitutional issues. Roszell, supra. A void judgment will not support an appeal to this court. Thus we have no jurisdiction to address the merits of Stringer’s constitutional claims. Roszell, supra.
Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.