MADDOX, Justice.
Dr. Andrew Burch, the defendant in a wrongful-death action pending in the Circuit Court of Mobile County, petitions for a writ of mandamus directing the trial court to grant his motion in limine to exclude certain evidence. The trial court partially denied the motion in limine, by which Dr. Burch had sought an order prohibiting the use of certain material and the testimony of certain proposed witnesses concerning matters that had been discussed at a meeting of a medical-review committee.

Facts and Procedural History

Because this matter comes before this Court on a petition for a writ of mandamus, we do not have before us any findings of fact. *145 Nevertheless, a brief summary of certain facts, which appear to be uncontested, is essential to an understanding of the issue presented.
Daniel W. Graham, Jr., was taken to the emergency room of Springhill Memorial Hospital on the night of August 29, 1994, having been stabbed twice in the chest. The emergency-room staff called in Dr. Burch, a thoracic surgeon, and Dr. Burch ordered that the patient be admitted to the hospital’s intensive-care unit. He decided that surgery was not required at that time. By midmorn-ing on the following day, the patient’s condition had apparently deteriorated, and there appears to have been some communication between the staff of the intensive-care unit and Dr. Burch that resulted in surgery being scheduled for noon. However, the patient’s condition apparently continued to worsen, and he died early that afternoon despite the efforts of Dr. Burch and the hospital staff.
On September 19,1994, the hospital’s Surgery Committee held a special meeting for the puipose of reviewing the case of Daniel W. Graham, Jr., and evaluating Dr. Burch’s performance in that ease. Dr. Burch appeared before the committee and discussed his reasons for making the decisions he made in the course of treatment.
On July 17, 1995, the deceased’s father, Daniel W. Graham, Sr., filed a wrongful-death complaint, alleging that Dr. Burch and the hospital had negligently caused his son’s death. During the course of discovery, the litigation strategy of the hospital and that of Dr. Burch apparently diverged. Without delving too deeply into the details of the disagreement between these two defendants, we note that it appears the hospital and Dr. Burch have differing views on whether certain information on the patient’s status was communicated to Dr. Burch by hospital personnel during the morning of the day the patient died. There seems also to be some disagreement as to when Dr. Burch decided surgery was needed. As a result, the hospital indicated it intended to call as witnesses several persons who had participated in the September 19 meeting of the hospital’s Surgery Committee, including Dr. James Spires, the chairman of the committee.
In response to the hospital’s decision to call those witnesses, Dr. Burch filed a motion in limine, seeking an order blocking the introduction of testimony or other evidence relating to that meeting. He cited § 22-21-8, Ala.Code 1975. The trial court conducted hearings on the matter and ruled that the minutes of the September 19 meeting were inadmissible. However, the trial court also ruled that Dr. Spires would be allowed to testify as to what Dr. Burch told the committee, to the extent that Dr. Burch’s deposition testimony (which had previously been taken and in which Dr. Burch had discussed the reasons he made the decisions he did regarding the patient’s treatment) and his testimony at trial were inconsistent with Dr. Spires’s recollection of Dr. Burch’s comments during the meeting. The trial court deferred ruling on whether it would allow the testimony of other witnesses who had participated in the September 19 meeting. This petition followed.

Discussion

We must first determine whether the issue Dr. Burch raises is properly before this Court. In the normal case where a party may, under Rule 5, Ala. R.App. P., petition for permission to appeal, this Court will not entertain a petition for a writ of mandamus, because such a petition may not substitute for an appeal. See Ex parte Empire Fire & Marine Insurance Co., 720 So.2d 893 (Ala. 1998).
In Ex parte Army Aviation Center Federal Credit Union, 477 So.2d 379, 381 (Ala. 1985), this Court held that “an order denying a motion in limine is reviewable on appeal, [and, as a result] a mandamus petition seeking to have that order vacated cannot be granted.” At first blush, that holding would seem to endorse a blanket rule that no mandamus petition arising from the denial of a motion in limine will be considered by this Court. That holding in Army Aviation Center, however, was based on Ex parte Houston County, 435 So.2d 1268 (Ala.1983), in which this Court had engaged in a more detailed analysis of the nature of orders denying motions in limine and had seemed to recognize distinctions between so-called “preliminary” *146 and “absolute” denials. This Court held in Houston County:
“In some cases an order granting a motion in limine is not absolute, but only preliminary, and the non-moving party may offer the disputed evidence at trial and, if the other party objects and the court sustains the objection, the party offering the evidence may appeal from this ruling. See C. Gamble, [The Motion in Limine: A Procedure That Has Come of Age, 33 Ala. L.Rev. 1, 16 (1981)]. The order entered below appears to be of the preliminary sort allowing offers at trial, because it ends with the words “without further order of this Court’
“In view of what we have said, we deem it appropriate for the trial court to reconsider the order granting the motion in limine. However, we are not inclined to issue the writ of mandamus in this discretionary area of evidence when the county has a remedy by appeal.”
435 So.2d at 1271. A reasonable reading of Houston County might lead one to conclude that when a denial of a motion in limine is “preliminary,” as the denial was in that case, then the only appropriate method of challenging that order is an appeal. That reading of the case would, however, leave unanswered the question whether an “absolute” denial of a motion in limine might appropriately give rise to a mandamus petition.
We need not further consider that question, however. Assuming that this Court’s cases stand for the proposition that a mandamus petition is never the appropriate method of challenging the denial of a motion in limine, we nonetheless conclude that it is appropriate for this Court to consider this present matter, because this Court has recognized that it has the discretion to treat a mandamus petition like this one as being, in reality, a petition for permission to appeal pursuant to Rule 5, Ala. R.App. P. In Mashner v. Pennington, 729 So.2d 262 (Ala.1998), for example, the defendant, a chiropractor, had specially averred in his answer that the forum non conveniens provisions of the Alabama Medical Liability Act applied in that case. The trial court held that they did not, and the defendant petitioned for a writ of mandamus directing the trial court to apply the provisions of the Act. This Court held that the defendant should have filed a Rule 5 petition for permission to appeal. However, this Court treated the mandamus petition as a Rule 5 petition and granted permission to appeal. It went on to consider the issues presented, ultimately concluding that the Act did apply and remanding for further proceedings.
Similarly, we have occasionally treated notices of appeal as being, in reality, petitions for the writ of mandamus. See, e.g., Morrison Restaurants, Inc. v. Homestead Village of Fairhope, Ltd., 710 So.2d 905 (Ala.1998).
Our Rules of Appellate Procedure provide the guidelines parties must follow in bringing cases or issues to this Court for review. Rule 5 governs petitions for permission to file interlocutory appeals, and Rule 21 governs petitions for the writ of mandamus. In interpreting and applying those rules, however, we must be mindful of the policy established by Rule 1:
“[These rules] shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits.”
There is no bright-line test for determining when this Court will treat a particular filing as a mandamus petition and when it will treat it as a notice of appeal.
In this present ease, the trial court denied, in part, Dr. Burch’s motion in limine seeking to have Dr. Spires’s testimony excluded. The trial court reserved ruling on the remaining portions of Dr. Burch’s motion, pending resolution of this matter by this Court. At the close of the trial court’s hearing on the motion in limine, the following exchange took place:
“The Court: All right. Let me just say this: It is not — I mean, I don’t like letting in the minutes or the testimony, rather, of the peer review committee. But I am going to do it with respect to alleged inconsistent statements. And I am talking about the testimony of Dr. Spires, not the minutes- So, Mr. Waldrop [Dr. Burch’s counsel,] what I think you *147 need, if it’s now in a posture that you can file a petition for writ of mandamus [sic].
[[Image here]]
“Mr. Waldrop: But I guess if Your Honor is going to let any of it in, I guess it’s something then we probably need to—
“The Court: I think you should address it if you can. And so—
[[Image here]]
“The Court: Well, for appellate purposes you have enough to take it up right now. As to the other [issues,] we’ll take [those] up at trial.
“Mr. Waldrop: So what you are saying is, Your Honor, just for purposes of the record then, we have a first motion in limine in regard to any documents and any testimony as to anything that occurred at the peer review or quality assurance meeting. Do I understand Your Honor is going to deny our first motion in limine insofar as any testimony by Dr. Spires that would — that his testimony — that he could testify that Dr. Burch told him that he would — made his decision to do surgery between 11:00 and 11:30? So you are going to allow him—
“The Court: Yes, I would allow — deny the motion in limine at least as to that testimony of Dr. Spires.
“Mr. Waldrop: And — but you would grant it insofar as the minutes themselves.
“The Court: Granted insofar as the minutes themselves. Yes.
[[Image here]]
“The Court: ... I’ll take [up other issues] at the trial. I wanted to put it in a posture where he can take it up on petition for writ of mandamus at least as to the testimony on the time of the decision to operate.
[[Image here]]
“The Court: That will put before the Supreme Court the whole issue of whether or not any of this is admissible; and maybe they will give me some guidance in this area, hopefully.”
There followed a brief discussion as to whether the trial court would allow depositions to take place pending this Court s resolution of this matter. The following exchange then took place:
“The Court: Okay. I will tell you what I’ll do, Norman. I’ll stay — Mr. Ermert [plaintiffs counsel], I’m not going to allow it until the Supreme Court rules on this petition for writ of mandamus.
“Mr. Ermert: I’m sorry, Your Honor?
“The Court: I will not allow the depositions until they rule on the petition for writ of mandamus. Okay. Take it up.”
The portions quoted here from the transcript of the hearing on the motion in limine clearly show that the trial court believed the case was in an appropriate posture for this Court to consider the question raised in this petition. Neither party nor any amicus curiae argues that this Court should not resolve this matter because it came here on a mandamus petition rather than on an interlocutory appeal.
Rule 5, Ala. R.App. P., sets out the conditions that must be met for this Court to consider an interlocutory appeal. The material requirement of the rule is:
“A petition to appeal from an interlocutory order must contain a statement by the trial judge that, in the judge’s opinion, the interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion, that an immediate appeal from the order would materially advance the ultimate termination of the litigation and that the appeal would avoid protracted and expensive litigation.”
Rule 5(a). The question we come to, then, is this: Do the circumstances of this case make it such that the policies set forth in Rule 1 will be served by resolving the matter presented to us? Or, will those policies be better served by requiring, as we do in the normal case, strict compliance with our appellate rules and thus not reviewing the trial court’s interlocutory ruling?
Based on our review of the hearing transcript, quoted in part above, we think it clear that the trial court regards this Court’s resolution of the substantive issue presented here as important to materially advancing this *148 litigation toward its termination and that the trial court expressly concurs with an interlocutory review by this Court. As a consequence, we hold that “the just, speedy, and inexpensive determination of [this] appellate proceeding on its merits” (Rule 1) will best be accomplished by treating this petition for the writ of mandamus as a Rule 5 petition for permission for appeal. We grant that permission, and we now proceed to consider the merits of the issue raised.
The only question we must decide is whether the trial court’s ruling regarding Dr. Spires’s testimony is consistent with § 22-21-8, Ala.Code 1975. Dr. Burch argues that the trial judge’s decision to allow Dr. Spires to testify regarding matters that were discussed at the September 19 meeting violates what Dr. Burch argues is the clear mandate of § 22-21-8. Accordingly, we must begin our analysis by examining the statute. It provides:
“(a) Accreditation, quality assurance and similar materials as used in this section shall include written reports, records, correspondence, and materials concerning the accreditation or quality assurance or similar function of any hospital, clinic, or medical staff. The confidentiality established by this section shall apply to materials prepared by an employee, advisor, or consultant of a hospital, clinic, or medical staff and to materials prepared by an employee, advisor or consultant of an accrediting, quality assurance or similar agency or similar body and to any individual who is an employee, advisor or consultant of a hospital, clinic, medical staff or accrediting, quality assurance or similar agency or body.
“(b) All accreditation, quality assurance credentialling and similar materials shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional or institution arising out of matters which are the subject of evaluation and review for accreditation, quality assurance and similar functions, purposes, or activities. No person involved in preparation, evaluation or review of accreditation, quality assurance or similar materials shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the course of preparation, evaluation, or review of such materials or as to any finding, recommendation, evaluation, opinion or other action of such accreditation, quality assurance or similar function or other person involved therein. Information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were presented or used in preparation or accreditation, quality assurance or similar materials nor should any person involved in preparation, evaluation, or review of such materials be prevented from testifying as to matters within his knowledge, but the witness testifying should not be asked about any opinions or data given by him in preparation, evaluation, or review of accreditation, quality assurance or similar materials.”
Did the Legislature intend for § 22-21-8 to prevent the admission of testimony such as that proposed here? When attempting to ascertain the intent of the Legislature, we have held, we must look first to the language of the statute. “[We must] interpret [plain] language to mean exactly what it says. If the language of [a] statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” IMED Corp. v. Systems Engineering Associates Corp., 602 So.2d 344, 346 (Ala.1992).
According to Dr. Burch, Dr. Spires is prohibited from testifying by the following provision of § 22-21-8:
“No person involved in preparation, evaluation or review of accreditation, quality assurance or similar materials shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the course of preparation, evaluation, or review of such materials....”
The minutes of the September 19 meeting are included in the exhibits submitted for this Court’s review. They include a summary of the conversation between Dr. Burch *149 and the members of the committee, followed by further comments of the committee members and their conclusions evaluating Dr. Burch’s handling of the Graham case. Further, in his testimony at the hearing on the motion in limine, Dr. Spires testified:
“The Surgery Committee is basically people from different specialties within the surgical field as well as some — the subspe-eialties of surgery. Basically just monitor the operation and the outcomes, etc., quality assurance of that department.”
He further testified:
“Q. Now, the Surgery Committee that you served on back in September of ’94, was one of its functions to review certain eases that might lead to an improvement in the care of patients at the hospital?
“A. That’s correct. That’s the main purpose.”
It appears undisputed that the September 19 meeting falls within the scope of § 22-21-8. Nevertheless, for clarity’s sake, we note that, based on our review of the minutes and the testimony set out above, we think it clear that Dr. Spires’s participation in the meeting made him a “person involved in preparation, evaluation or review of accreditation, quality assurance or similar materials,” as that phrase is used in § 22-21-8.
Section 22-21-8, however, does not impose an absolute ban on the testimony of persons involved in those activities, so we must look further to determine whether the trial court’s order allowing Dr. Spires to testify is consistent with the «statute. Section 22 — 21—8(b) also provides this exception:
“[No] person involved in preparation, evaluation, or review of such materials [shall] be prevented from testifying as to matters within his knowledge....”
Thus, if Dr. Spires had participated in the care of the patient, or if he had independent knowledge of the events leading to the patient’s death, this Code section would not prohibit him from testifying on the basis of his own independent knowledge. However, Dr. Spires made it clear in an affidavit that he had “no independent knowledge or information as to this case other than through my Peer Review or Quality Assurance duties at Springhill Memorial Hospital.” Therefore, Dr. Spires’s testimony is not admissible under this exception.
The trial court, however, ruled that Dr. Spires could testify only for a limited purpose, namely, to impeach Dr. Burch’s testimony. Does that limitation on the scope of his testimony make the trial court’s ruling consistent with the general prohibition of § 22-21-8? The plaintiff argues that if Dr. Burch gave the committee a statement that was inconsistent with his deposition testimony, or with any testimony that he might give at trial, then the plaintiff could admit evidence of Dr. Burch’s inconsistent statement at the committee meeting. While we recognize that the Rules of Evidence must be so construed “that the truth may be ascertained and proceedings justly determined,” Rule 102, Ala. R. Evid., and while we agree that in the normal case prior inconsistent statements of a witness are admissible, see Rule 613, Ala. R. Evid., we must also apply the provisions of Rule 402. That rule provides, in relevant part:
“All relevant evidence is admissible, except as othenvise provided by the Constitution of the United States or that of the State of Alabama, by statute, by these rules, or by other rules applicable in the courts of this State.”
Rule 402, Ala. R. Evid. (emphasis added). It is clear that § 22-21-8 makes the evidence here in question, Dr. Spires’s testimony, inadmissible. See Mainor v. Hayneville Telephone Co., 715 So.2d 800 (Ala.Civ.App.1997).
The hospital argues that Dr. Spires may testify because this Court, it argues, in Ex parte St. Vincent’s Hospital, 652 So.2d 225 (Ala.1994), recognized an exception to the general ban on such testimony as Dr. Spires would give. In that case, this Court considered whether certain documents of St. Vincent’s Hospital’s Infection Control Committee were protected from disclosure by § 22-21-8. In this present case, Springhill Memorial Hospital argues that in St. Vincent’s “this Court recognized an exception to the same asserted privileges where the materials sought through discovery were essential to the defendant’s defense of the claims against *150 it.” A careful reading of St. Vincent’s, however, shows that this Court did not recognize such an exception. While this Court noted that the trial court had “carefully tailored [its] discovery order [allowing the discovery of the documents in question because] the civil litigant’s rights could not be preserved without such discovery,” 652 So.2d at 229, that fact was not the basis of this Court’s decision in that case. Put simply, this Court held that the documents in question in that case fell outside the scope of § 22-21-8. See 652 So.2d at 230.
Given, then, that Dr. Spires has no independent basis of knowledge for the testimony that he would give, and given the clear mandate of the Legislature that “[n]o person [situated as is Dr. Spires] shall be permitted or required to testify ... as to any evidence or other matters produced or presented during the course of’ a meeting such as the September 19 meeting, we must conclude that any testimony Dr. Spires would give concerning statements Dr. Burch made to the committee at that meeting are inadmissible. Therefore, we hold that the trial court’s ruling allowing Dr. Spires’s testimony is contrary to the provisions of the statute. We reverse the ruling of the circuit court and remand the case with directions for that court to grant the motion in limine as to the testimony of Dr. Spires.
REVERSED AND REMANDED.
HOOPER, C.J., and HOUSTON, KENNEDY, COOK, LYONS, BROWN, and JOHNSTONE, JJ., concur.