This appeal arises from a discovery order holding that the plaintiff is not entitled to discovery of certain hospital documents, based on the confidentiality provisions of § 22-21-8, Ala. Code 1975. We affirm.
Dr. John R. Kingsley, the plaintiff, is a vascular surgeon who developed a vascular-surgery department at Russell Medical Center. On April 1, 1998, he sued Dr. Richard Sachitano, Dr. John L. Watwood, and Dr. Frank Burns, alleging 1) negligence or wantonness in the performance of a peer review of the plaintiff by the Tissue and Transfusion Committee of Russell Hospital, and 2) libel and slander.
After filing his complaint, the plaintiff issued a subpoena to Russell Hospital, seeking numerous documents. Russell Hospital filed an objection to his request, based upon the confidentiality provisions of § 22-21-8, Ala. Code 1975. The trial judge held a hearing on the matter and entered the following order:
"ORDER
 "This matter came before this court on July 21, 1999, for an evidentiary hearing as to whether or not the Court should reverse its earlier ruling sustaining the objection filed by the nonparty Russell Medical Center to plaintiff's request for production of certain peer review documents. Plaintiff asserts these documents are a part of the underlying peer review process that forms the basis of plaintiff's complaint.
 "Plaintiff issued a subpoena to Russell Medical Center, requesting certain peer review documents. Russell Medical Center objected on the basis of the confidentiality provision of § 22-21-8. Plaintiff contends that the documents which are the subject of the discovery request were generated as a result of a peer review process [and] are not protected by the quality assurance privilege of confidentiality. In his brief filed in response to Russell's objection, Plaintiff states `it is clear that the statute is not applicable where the information sought is essential to providing the litigant with a full and fair trial by jury.' Plaintiff cites Ex parte St. Vincent's Hospital, 652 So.2d 225
(Ala. 1994), as creating such an exception. In a more recent opinion, the Supreme Court held such an `essential need' exception does not exist in § 22-21-8. See Ex parte Burch, *Page 826 730 So.2d 143 (Ala. 1999). This Court declines to recognize such an exception here.
 "At plaintiff's request, this court held an evidentiary hearing to afford the plaintiff an opportunity to put forth a prima facie case to defeat the good faith immunity asserted by the defendants and to seek the production of documents about which Russell Medical Center has objected.
 "The Court heard testimony from the plaintiff, [considered] evidentiary materials submitted, and considered the evidentiary proffer by plaintiff's counsel. For the reasons stated below, the court continues to sustain the objection of Russell Medical Center and will not require the production of the privileged peer review documents.
 "The documents plaintiffs seeks are clearly covered by the privilege afforded under § 22-21-8, Ala. Code 1975. The pertinent part of this statute provides as follows:
 "(b) All accreditation, quality assurance credentialling and similar materials shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional or institution arising out of matters which are the subject of evaluation and review for accreditation, quality assurance and similar functions, purposes, or activities.'
(Emphasis added.)
 "This statute provides for the confidentiality of the peer review process. In addition to providing for confidentiality, the legislature has also provided immunity for those who participate in the peer view process. (See § 34-24-58, Ala. Code 1975.)
 "Not only has the Court heard no evidence to suggest the confidentiality afforded by § 22-21-8 should be disregarded; based upon the evidence heard this day, the immunity under § 34-24-58 would also be required to be afforded the defendants unless more is shown than was produced at the hearing.
 "This Court notes that at the hearing, the principal thrust of plaintiff's evidence was to show that the plaintiff's approach to vascular surgical issues was correct and the peer reviewing defendants simply did not understand this area of medicine. It is also clear the subject of the peer review process involves a complex area of medicine. This court does not perceive that its function is to determine whether or not the peer reviewing defendants were correct in their concerns, or the peer reviewed plaintiff was correct in his position. That is a matter best left to the medical peer review community to answer.[*] This Court's concern should only be whether there is evidence of an abuse of the peer review process by the defendants for some illegitimate, unlawful, or illegal purpose. Nothing presented to this court comes close to raising judicial concerns over the peer review process that is the subject of the instant litigation. The evidence produced by the plaintiff possibly showed that the doctors did not like each other, they did not get along with each other, and they possibly had personal and/or professional differences. However, that situation is likely to be involved in any hospital where doctors are required to work together. This no doubt was within the contemplation of the Legislature when these statutes were enacted. Such differences could always be alleged and should not be construed so as to destroy the beneficial effects the Legislature had in mind when it passed these statutes.
 "The objection by Russell Medical Center to plaintiff's subpoena for documents is hereby sustained. The Court *Page 827 
does note that if faced with a properly supported Motion for Summary Judgment, without more evidence offered by the plaintiff to create a genuine issue of material fact as to the legitimacy of the process, i.e., evidence of bad faith or malice, the court would be hard-pressed not to afford immunity to the defendants in this action. (See § 34-24-58, Ala. Code 1975.)
 "At the evidentiary hearing, there were testimony and exhibits offered that relate to a confidential peer review proceeding. It is therefore the order of this court that the transcript and all exhibits offered in this proceeding be subject to, and are hereby held under seal subject to review by an appropriate appellate court or further order of this court.
 "The Clerk is hereby directed to send a copy of this Order to counsel for all parties and Russell Medical Center.
"DONE and ORDERED this 10th day of August, 1999.
"/s/ Dale Segrest
"Circuit Judge
"______________
 "[*] It is clear that in any peer review process where the professional activities are subject to critical review, the opportunity for disagreement, disputes, and hurt feelings are present. It is also clear that for peer review to be meaningful, wide latitude (bordered only by good faith), must be afforded those who participate in the peer review process. The freedom to make decisions in this area includes the freedom to make wrong decisions. The question for the court is where the decision making powers rest, not whether the decision was wrong. This Court declines to become involved in determining whether the peer review decisions were right or wrong. Decisions have consequences. If right, the public consumers of health care profit. If wrong, the law often affords remedies to those adversely affected. Even where no remedy is afforded in law, the economic costs of wrong decisions will eventually be felt."
The plaintiff then moved the trial court to provide the certification permitted by Rule 5, Ala.R.Civ.P., so he could request this Court's permission to appeal. The trial court entered an addendum expressing the opinion that this ruling constitutes an interlocutory order that involves one or more controlling questions of law as to which there are substantial grounds for difference of opinion, and that an immediate appeal from this order would materially advance the ultimate termination of the litigation and would avoid protracted and expensive litigation. This Court allowed a permissive appeal, pursuant to Rule 5.
It is settled that decisions concerning evidentiary matters are left to the discretion of the trial judge, and, therefore, will not be disturbed absent a palpable abuse of that discretion. Peoples v. CSXTransportation, Inc., 681 So.2d 1388, 1390 (Ala. 1992). Thus, we must determine whether the trial court abused its discretion in denying the discovery of these peer-review documents based upon the privilege afforded under § 22-21-8, Ala. Code 1975. The statute reads, in pertinent part:
 "(b) All accreditation, quality assurance credentialling and similar materials shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional or institution arising out of matters which are the subject of evaluation and review for accreditation, quality assurance and similar functions, purposes, or activities. No person involved in preparation, evaluation or review of accreditation, quality assurance or similar materials shall be *Page 828 
permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the course of preparation, evaluation, or review of such materials or as to any finding, recommendation, evaluation, opinion, or other action of such accreditation, quality assurance or similar function or other person involved therein."
In Ex parte Krothapalli, 762 So.2d 836 (Ala. 2000), this Court chronicled the reasoning behind confidentiality statutes such as §22-21-8, which have been adopted by many states. The statutes provide confidentiality for peer-review processes as a method of "encouraging self-regulation by the medical profession through peer review and evaluation." Cruger v. Love, 599 So.2d 111, 113-14 (Fla. 1992) (quoted inKrothapalli, 762 So.2d at 838). The Florida Supreme Court, in Cruger, explained that the statutes were enacted "in an effort to control the escalating cost of health care by encouraging self-regulation by the medical profession through peer review and evaluation." 599 So.2d at 113-14 (quoted in Krothapalli, 762 So.2d at 838).
In support of his position, the plaintiff cites Ex parte St. Vincent'sHospital, 652 So.2d 225 (Ala. 1994), in which this Court declined to apply § 22-21-8 so as to prevent disclosure of the records of a hospital's infection-control committee. However, in that case there was no evidence that a function of the committee was accreditation or quality assurance.
The trial judge in this case had before him the deposition of Frank Harris, president and chief executive officer of Russell Hospital. Harris testified that he had reviewed the documents requested by the plaintiff and had determined that they were the subject of quality assurance, credentialling, and accreditation and thus were subject to the privilege of § 22-21-8.
We have carefully reviewed the record in this case, and we find no abuse of discretion on the part of the trial judge. His judgment is due to be affirmed, on the authority of Ex parte Qureshi,768 So.2d 374 (Ala. 2000), and Ex parte Krothapalli, supra.
AFFIRMED.
HOOPER, C.J., and HOUSTON, LYONS, and BROWN, JJ., concur.