COBB, Chief Justice
(dissenting).
I join Justice Murdock’s dissenting opinion; I agree completely with his analysis. In addition, I offer the following observations. These petitions present the Court with the critical issue whether it should displace the trial court’s determination, made in the exercise of its sound discretion,[5] that Fairfield was not entitled to the *455 privilege against discovery afforded by Ala.Code 1975, § 22-21-8. I recognize that the information sought by the respondents might ultimately be discoverable through discovery attempts directed at the original sources of the information even if Fairfield is granted the § 22-21-8 privilege. See, e.g., Ex parte Krothapalli, 762 So.2d 836 (Ala.2000). Generally, this Court has upheld the privilege under § 22-21-8 when the health-care provider has shown: (1) that a review committee existed; (2) that the disputed discovery documents or testimony was created by the committee or sets forth the activities of the committee; and/or (3) that the disputed documents were submitted for an in camera inspection. See, e.g., Ex parte Cryer, 814 So.2d 239 (Ala.2001) (holding that a doctor’s handwritten notes were not protected by the § 22-21-8 privilege). See also Ex parte Qureshi, 768 So.2d 374 (Ala.2000)(upholding privilege where hospital produced testimony of chairman of credentialing committee stating that the documents requested were maintained as part of a doctor’s credentialing file); Krothapalli, supra (upholding privilege where documents were submitted to the trial court for an in camera inspection); and Ex parte Burch, 730 So.2d 143 (Ala.1999) (upholding privilege where hospital produced testimony to the effect that a quality-assurance committee existed and that its function was to review certain cases to lead to an improvement in the care of patients at the hospital).
Although the majority attempts to distinguish Cryer based on Fairfield’s status as a long-term-care facility, that distinction does not address the fact that Fair-field failed to show that the materials in question were generated as a function of a committee created to perform a quality-assurance evaluation. It is worth contrasting these facts with those in Kingsley v. Sachitano, 783 So.2d 824 (Ala.2000), in which the Court held that sufficient evidence was presented to uphold the privilege against discovery because the material sought was from a peer-review committee. In Kingsley, the Court distinguished its prior decision in Ex parte St. Vincent’s Hospital, 652 So.2d 225 (Ala.1994), in which it held that the hospital did not meet its burden. This Court in Kingsley recognized that in St. Vincent’s the hospital had failed to show that the material sought was created as a process of a committee whose purpose was accreditation or quality assurance. The opinion in St. Vincent’s states:
“The discovery sought by Zeneca is not privileged under either § 22-21-8 or § 34-24-58. The Infection Control Committee is a standing hospital committee, coordinated by Becky Harrison, a registered nurse. The burden of proving that a privilege exists and proving the prejudicial effect of disclosing the information is on St. Vincent’s. St. Vincent’s has produced no evidence that the Infection Control Committee served as a utilization review committee and no evidence that a function of that committee was accreditation or quality assurance. The trial judge did not abuse his discretion in ordering that St. Vincent’s to produce the records.”
652 So.2d at 230 (emphasis added).
Moreover, I respectfully dissent from the suggestion in the majority opinion that the respondents were under some sort of burden to require Fairfield to seek an in *456 camera review. After the trial court had granted discovery in each case of the material Fairfield sought to avoid disclosing, the burden was entirely on Fairfield to demonstrate that it was entitled to protective orders.
“Typically, when an objection to a discovery request is made, the burden is on the objecting party to state specifically and to support the reasons for the objection. See Rules 26(b)(1) and (c), Ala. R. Civ. P.
“ ‘[T]he party who seeks a protective order has the burden of showing good cause why discovery should not be had.
“ ‘ “Thus, to be entitled to a protective order, a movant must either show good cause why the objected-to deposition or production of documents would be unduly burdensome or expensive, oppressive, embarrassing or annoying, or that the subject matter sought to be discovered is privileged.” ’
“Ex parte Scott, 414 So.2d 939, 941 (Ala.1982) (quoting Assured Investors Life Ins. Co. v. National Union Assocs., Inc., 362 So.2d 228, 231 (Ala.1978)); see, e.g., Ex parte Garrick, 642 So.2d 951, 952-53 (Ala.1994) (‘Under Rule 26(b)(3), the party objecting to discovery bears the burden of establishing the elements of the work-product exception.’).”
Ex parte CIT Commc’n Fin. Corp., 897 So.2d 296, 300 (Ala.2004). See also Ex parte Cuna Mut. Ins. Soc’y, 507 So.2d 1328 (Ala.1987), and Ex parte Scott, 414 So.2d 939 (Ala.1982). It was not the respondents’ burden to have Fairfield present the material in question for an in camera review to support its motions for a protective order; it was Fairfield’s burden. It is undisputed that Fairfield failed to demonstrate that the materials in question should be afforded the privilege of § 22-21-8 by submitting the material to the trial court for an in camera inspection. Under the circumstances of these cases, I do not believe that this Court can correctly hold that the trial court exceeded its discretion in denying Fairfield’s motion for a protective order. Accordingly, I respectfully dissent.

. " ' "Discovery matters are within the trial court's sound discretion, and its ruling on those matters will not be reversed absent a showing of abuse of discretion and substantial *455 harm to the appellant.” Wolff v. Colonial Bank, 612 So.2d 1146, 1146 (Ala.1992) ...."’ Ex parte John Alden Life Ins. Co., 999 So.2d 476, 480 (Ala.2008) (quoting Ex parte Henry, 770 So.2d 76, 79 (Ala.2000)). See also Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810 (Ala.2003).