BEATTY, Justice.
Certiorari was granted to resolve a purported conflict between the Court of Civil Appeals’ decision in the instant case and City of Tuscaloosa, v. Howard, 55 Ala.App. 701, 318 So.2d 729 (1975), and to consider the constitutionality of certain provisions of Act No. 1272 [1973] Ala.Acts 2143-44, specifically Appx. § 1567(a14), Alabama Code (Supp. 1973). We reverse and remand.
The first issue is whether the latter section may limit the disability compensation of a Birmingham fireman in view of the provisions of Title 37, § 450(4), Alabama Code (Supp. 1973).
Section 450(4) was enacted in 1967 as a law applicable to all cities, regardless of population, and to all municipal firemen within the state. It provided that hypertension and heart disease were a “fire fighters occupational disease,” and were to be compensable “as any service connected disability under any law which provides benefits for fire fighters of such city injured in the line of duty." (emphasis added) In construing this language, the Court of Civil Appeals .stated in Howard:
If he is disabled by heart disease he is entitled to “benefits” provided by the city through a monetary allowance or through a pension system in the same manner as he is for any other service-connected disability under any law other than the Fireman’s Heart and Lung Act. The obvious *1167 intent of the Act is to insure that disability from heart disease is recognized as a disability incurred in the line of duty and shall be recognized as such under any law which provides benefits for fire fighters of the city injured in the line of duty. (emphasis added)
We agree that this is a proper statement of the legislative intent as manifested by the language of the Act.
The successive amendments to the municipal pension laws which began in 1969 and which, in 1973, culminated in § 1567(al4) contained exclusionary provisions, the gist of which denied “extraordinary disability allowances,” payable as a result of accident arising out of the course of employment, when disability is based upon heart disease or hypertension.
Section 1567(al4) limits the application of § 450(4) by excluding cities with populations of 250,000 or more, e. g., the City of Birmingham. If a fireman in any other city contracts heart disease and becomes disabled, his municipal pension system must treat him as having become disabled in line of duty, and must compensate him as though he had been injured in line of duty. In Birmingham, however, his heart disease is not to be considered as an accident sustained in the course of his duty. Section 1567(al4), then, creates a separate class of firemen, such as those employed by the City of Birmingham, from those referred to in § 450(4).
Considering the preamble to the bill which became § 450(4)(Act No. 570, Acts of Alabama, 1967, p. 1323), it is evident that its purpose was to mandate that a municipal firefighter’s heart disease was to be considered as service connected. It dealt specifically with the effect of that disability upon the application of municipal pension laws to firemen. When § 1567(al4) was enacted later, on the other hand, it dealt with the effect of heart disease upon the application of the municipal pension law to employees generally. In other words, § 1567(al4) is an enactment generally applicable to all employees, while § 450(4) applies only to firemen.
The Court of Civil Appeals has held that the general law (§ 450(4)) has been repealed by implication by the local law (§ 1567(al4)). In this we believe that the Court of Civil Appeals was incorrect. Section 450(4) is a general statute which concerns the subject of firemen’s disability benefits as they are affected by heart disease. This general statute cannot be repealed by implication found in the local statute unless the legislative intent to effect such a repeal is clearly manifested. A perusal of Act No. 1272 (containing § 1567(al4)) provides no express purpose to repeal § 450(4). The section which refers to retrospective operation refers only to statutes containing a population classification of 250,000 or more. Accordingly, there is no express repeal of the special statute which clearly was intended to establish a state-wide system of uniform application. However, it does contain language implying that § 450(4) shall not apply to Birmingham firemen:
§ 1567(al4).
With respect to extraordinary disability allowances, hypertension, heart disease or respiratory disease shall not be considered as caused by accident, so as to entitle a participant to an extraordinary disability allowance, nor shall any participant . be entitled to an extraordinary disability allowance as a result of disability caused by hypertension, heart disease or respiratory disease, any other law, general or local, to the contrary notwithstanding. . (emphasis added)
This limitation certainly manifests a legislative intention to withhold the application of § 450(4) to the firemen employed under the system created by Act No. 1272, even though the latter did not expressly repeal the former in so many words. Accordingly, the Court of Civil Appeals was correct when it held that the general provisions of § 450(4) were by implication repealed by the local law, § 1567(al4).
We disagree with the conclusion of that Court, however, upon the issue of the *1168 constitutionality of § 1567(al4) as it applies to firemen. Whether the classification established in that local law violates the requirement of equal protection of the laws, as mandated by the United States Constitution, Amendment Fourteen, depends upon whether it is unreasonable or arbitrary. The inquiry is not foreclosed by the fact that § 1567(al4) pertains not only to firemen but to all other municipal employees as well because the effect of this legislation nevertheless is to create a separate class of firemen from those covered by § 450(4). In other words, all municipal firemen except those falling within the terms of Act No. 1272 (containing § 1567(al4)) are to receive line of duty disability benefits for heart disease.
What we stated in City of Birmingham v. Moore, 248 Ala. 422, 27 So.2d 869 (1946) concerning acts resting upon a population classification controls here. That case dealt with a general act of local application based upon a population classification. The Act itself authorized the creation of Redevelopment Agencies and was modeled after the general state law which related to the creation and operation of municipal housing authorities. The material difference between the two laws was that the general law of local application did not allow public housing bodies to construct and operate housing projects, which the general state law authorized. This Court struck down the Act because it was based upon “an arbitrary classification without proper relation to the subject matter.” This is the deficiency here.
The purpose of Act 1272 is to provide for a comprehensive pension and relief or retirement and relief system for officers and employees (and their dependents) in cities having 250,000 or more, inhabitants according to the last or succeeding federal census. To the extent that it applies to firemen, the conditions under which they are to qualify for disability benefits due to heart disease are restricted. Why? We may paraphrase Moore by stating that the fact that the municipality affected is the largest in the state bears no reasonable relationship to the purpose of the Act, for if the Act’s purpose is to provide protection from disability to firemen disabled by occupational disease, the size of the city can bear little or no relationship to the diseases inherent in the performance of that occupation. While we recognize that there is no constitutional proscription against state treatment of classes of persons in different ways, McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961), the different treatment must be a rational one in order to avoid proscription under the federal constitution. Is it to be assumed that the fires are less hazardous, the water warmer, the days and nights shorter, and the hours easier, simply because the corporate boundaries extend over more people?
The appellees suggest that the legislature could have determined that it would be unfair to require policemen to be injured in order to receive the benefits involved here, and at the same time allow those identical benefits to a fireman who developed progressive heart disease. We do not have any policemen’s pension laws before us except the one implicit in Act 1272, but we point out that any situation which has caused such a disparity has been created by the legislature itself when it enacted the Act in question while at the same time leaving § 450(4) on the statute books. And this Court has on numerous occasions announced the guidelines under which the classification system must operate. In State v. Pure Oil Co., 256 Ala. 534, 538, 55 So.2d 843 (1951) we stated that the classification:
(4) must be based on substantial distinctions which make one class different from another; and (5) must be reasonable under the facts of the case, and not oppressive and prohibitive. .
Those guidelines had been utilized previously. Opinion of the Justices, 252 Ala. 527, 41 So.2d 775 (1949). Those standards were applied also in Board of Trustees v. Talley, 291 Ala. 307, 280 So.2d 553 (1973). Moreover, we struck down a classification contained in a general law, in Comer v. City of Mobile, 337 So.2d 742 (Ala.1976) because the classification bore no reasonable relation *1169 ship to the purpose to be effected by the legislation.
In the instant case, as we have observed, there are no substantial distinctions perceptible between the firemen in the cities covered and those in all other cities, making that one class different from the others. Rather than being a reasonable approach to whatever job distinctions exist between occupations, Act 1272 has lumped firemen with all others, even though the legislature previously had found that firemen in all municipalities were entitled to line of duty compensation when disabled by heart disease. Such a grouping, when based upon a population classification, is arbitrary rather than reasonable in denying to Birmingham firemen those benefits which all other municipal firemen statutorily receive. And when one bears in mind that the purpose of this legislation was to establish a pension and retirement plan for firemen (and others) as an exception to the benefits provided for firemen by prior legislation of general application, we confront a population classification bearing no reasonable relationship to the plan, exempting some simply because their municipal employer is of a certain size.
Thus we hold that Act 1272, as it applies to firemen, is invalid under the federal Constitution and cannot be administered in a manner which denies to that class of employees the benefits conferred by Title 37, § 450(4). We do not address ourselves to the validity vel non of Act 1272 in any other respect. And because on that issue the case must be remanded to the Court of Civil Appeals for an order by that Court consistent with this opinion, it is unnecessary to address the other issues raised by the appellant.
REVERSED AND REMANDED.
All the Justices concur.