727 So.2d 780 (1998)
G. Sage LYONS, director of finance, et al.
v.
John NORRIS, et al.[*]
Robert Childree
v.
Michael Crespi.
Robert Childree
v.
Robert L. Turner.
G. Sage Lyons, et al.
v.
Paul D. Brown.
John Norris, et al.
v.
G. Sage Lyons, et al.
1961601 to 1961604 and 1961642.
Supreme Court of Alabama.
April 20, 1998.
A. Lee Miller, general counsel, Department of Finance, and Robert M. Weinberg, asst. atty. gen., for G. Sage Lyons and Robert L. Childree.
Michael Crespi, pro se.
Allen W. Howell and Vonda S. McLeod of Shinbaum & Howell, P.C., Montgomery, for John Norris et al.

ORDER
It appearing to the Court that these causes are within the appellate jurisdiction of the Court of Criminal Appeals,
It is, THEREFORE, ORDERED that these causes are transferred to the Court of Criminal Appeals.
HOOPER, C.J., and ALMON, SHORES, HOUSTON, KENNEDY, COOK, and SEE, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
I respectfully dissent from the order transferring these cases to the Court of Criminal Appeals. The plaintiffs in these cases, in essence, sought a declaration of their rights under § 15-12-21(d), Ala.Code 1975, to be reimbursed for certain expenses they had incurred in representing indigent defendants. Although that statute is included in Title 15 of the Code, the part of the Code dealing with criminal procedure, that fact does not alter the nature of these cases.
Declaratory judgment actions are authorized by § 6-6-223, Ala.Code 1975, which provides, in part, that "[a]ny person ... whose rights ... are affected by a statute... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status or other legal relations thereunder." The provisions of this statute are to be "liberally construed." § 6-6-221, Ala.Code 1975. Cf. Sparks v. Parker, 368 So.2d 528 (Ala. 1979), in which this Court, although not discussing which appellate court had jurisdiction, held that the proper procedure for review of a trial judge's order establishing an indigent defense system in fulfillment of a duty to establish and administer such a system, imposed upon him by the provisions of §§ 15-12-2 and -3, Ala.Code 1975, was by appeal, not by petition for the writ of mandamus.
On the question which appellate court has jurisdiction, the determinative issue is the nature of the action. For example, even though a forfeiture of property can arise out of a criminal proceeding, a forfeiture of property is a civil action. See, e.g., Weldon v. State, 718 So.2d 52 (Ala.Civ.App.1997). Declaratory judgment actions are, by their nature, civil actions; they are thus not among the types of cases falling within the appellate *781 jurisdiction of the Court of Criminal Appeals. See Ala. Const. of 1901, amd. 328, § 6.03; § 12-3-9, Ala.Code 1975.
Based on the foregoing, I must disagree with the majority's order transferring these cases to the Court of Criminal Appeals.
NOTES
[*] Note from the reporter of decisions: When this action of the Supreme Court was released for publication, this case was pending in the Court of Criminal Appeals, docket no. CR-97-1396.