Max Bowdoin appeals from the trial court's judgment in favor of the State of Alabama; the Retirement Systems of Alabama ("the RSA"); former Governor Don E. Siegelman; and David G. Bronner, executive secretary of the RSA (hereinafter collectively referred to as "the defendants"). We dismiss the appeal.
Bowdoin filed a complaint for declaratory relief against the defendants that alleged, in pertinent part, that "Article VI[,] Clause 2 of the United States Constitution, commonly referred to as `The Supremacy Clause' provides that Federal Law supercedes State Law and therefore, [§] 36-27-4(d), Code of Alabama, 1975, is unconstitutional." Also, in Bowdoin's notice of appeal to this court, he summarized the issue on appeal as a "[q]uestion of [the] constitutionality of Alabama Code [§] 36-27-4(d)."
Section 6-6-227, Ala. Code 1975, provides:
 "All persons shall be made parties who have, or claim, any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance, or franchise, such municipality shall be made a party and shall be entitled to be heard; and if the statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard."
(Emphasis added.) Our supreme court has also observed:
 "Section 6-6-227 provides that when the constitutionality of a state statute is challenged the attorney general must be served with a copy of the complaint, in order to allow him to represent the interests of the people of the State of Alabama. See Board of Trustees of Employees' Retirement System of the City of Montgomery v. Talley, 291 Ala. 307, 280 So.2d 553 (1973). In interpreting § 6-6-227, this Court has consistently held that the failure to serve the attorney general will deny the trial court jurisdiction to resolve any claim based on the constitutional challenge. See Bratton v. City of Florence, 688 So.2d 233, 234 (Ala. 1996). Any ruling that a trial court makes on a constitutional issue, when the attorney general has not been given notice and the opportunity to *Page 867 
intervene, is void. See Ex parte St. Vincent's Hosp., 652 So.2d 225 (Ala. 1994); Fairhope Single Tax Corp. v. Rezner, 527 So.2d 1232 (Ala. 1987). See, also, Busch Jewelry Co. v. City of Bessemer, 266 Ala. 492, 493, 98 So.2d 50, 51 (1957)."
Ex parte Jefferson County, 767 So.2d 343, 345 (Ala. 2000) (footnote omitted).
Upon reviewing the record on appeal, we have found nothing indicating that Bowdoin served the attorney general with a copy of his complaint for declaratory relief. An answer to the complaint was filed on behalf of all the defendants by general counsel for the RSA. The case action summary indicates that the complaint was served at the address of the RSA, not the office of the attorney general. We find nothing in our laws to indicate that general counsel for the RSA is an assistant attorney general; however, this court has previously determined, in the face of a statute designating an attorney for a state agency as an assistance attorney general, that the attorney general had sufficient notice of a constitutional challenge when that notice was given to the agency's attorney. See Morgan County Dep't ofHuman Res. v. B.W.J., 723 So.2d 689 (Ala.Civ.App. 1998) (relying on § 38-2-4, Ala. Code 1975, which provides that legal counsel for the State Department of Human Resources is commissioned and has the authority and duties of an assistant attorney general). The statute relating to counsel for the RSA states, in pertinent part, that "[t]he [RSA] shall have full authority to employ its own legal counsel and to conduct and control any litigation in which it is involved through such counsel," § 36-27-25(c), Ala. Code 1975; it makes no mention of legal counsel for the RSA being an assistant attorney general. Accordingly, we conclude that the attorney general was not properly served with notice of Bowdoin's constitutional challenge and that the trial court had no jurisdiction to rule on his complaint for declaratory relief.
While no party on appeal raised this issue to this court, issues of jurisdiction are of such magnitude that this court can consider them ex mero motu. See Wallace v. Tee Jays Mfg. Co.,689 So.2d 210 (Ala.Civ.App. 1997). Because the attorney general was not served, the trial court's judgment is void and will not support an appeal.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.