This Court granted the State's petition for the writ of certiorari to review the Court of Criminal Appeals' holding that § 6-6-227, Ala. Code 1975, which requires any party challenging the constitutionality of a statute to serve the complaint on the attorney general, does not apply to challenges to criminal statutes. I concur in this Court's decision to quash the writ; I write specially to explain my understanding of §6-6-227, which is part of the Declaratory Judgment Act.
Ernest Land Boyd was convicted in 1995 of first-degree sexual abuse of his 10-year-old stepdaughter. In June 2002, after Boyd was released from prison, a Tuscaloosa police officer explained to Boyd that the Community Notification Act, § 15-20-26, Ala. Code 1975 ("the CNA"), applied to Boyd. The CNA prohibits, among other actions, an adult sex offender from working within 2,000 feet of a day-care facility and from living within 1,000 feet of his former victim.[1]
Five months after he was released from prison, Boyd obtained a job at Planit Solutions, Inc., in Tuscaloosa. The location of Boyd's place of employment was within 2,000 feet of Skyland Baptist Daycare and Sherwood Forest Child Care and Learning Centers, in violation of the CNA. Boyd also lived with his former victim; the victim's mother, who is his wife; and the victim's half brother, in violation of the CNA. Following his release from prison, Boyd's household at one time included his former victim, and at all times included the victim's mother and the victim's half brother.
In 2003, Boyd pleaded guilty to knowingly establishing a residence or accepting employment within 2,000 feet of a school *Page 723 
or child-care facility and to knowingly establishing a residence within 1,000 feet of the residence of his former victim or his former victim's family, violations of the CNA. See §15-20-26(a) and (b), Ala. Code 1975. Before entering his guilty plea, Boyd reserved his right to challenge on appeal the constitutionality and applicability of § 15-20-26, Ala. Code 1975. The trial court convicted Boyd and sentenced him, as a habitual offender, to 10 years in prison. Boyd appealed to the Court of Criminal Appeals, arguing that the CNA was unconstitutional as applied to him because it infringed on his right to marry.
The State argued that the Court of Criminal Appeals should dismiss the appeal because Boyd had failed to serve the attorney general with a copy of the proceeding, pursuant to §6-6-227, Ala. Code 1975.[2] Thus, the State argued, Boyd had failed to give the attorney general an opportunity to be heard in the trial court regarding his challenge to the constitutionality of the CNA.
The Court of Criminal Appeals applied its earlier holding inTownsend v. City of Mobile, 793 So.2d 828
(Ala.Crim.App. 1998), rev'd on other grounds, 793 So.2d 835
(Ala. 2000), and held that § 6-6-227, Ala. Code 1975, "is a civil provision which is inapplicable in criminal proceedings,"Boyd v. State, 960 So.2d 717, 719 (Ala.Crim.App. 2006), because "§ 6-6-227 is a provision included in the civil practice section of the Code." Townsend,793 So.2d at 829. Thus, the Court of Criminal Appeals reasoned, Boyd was not required to serve the attorney general in order to properly challenge the constitutionality of the CNA, which is included in the Criminal Code. Therefore, the Court of Criminal Appeals declined to dismiss the appeal and addressed the merits of Boyd's constitutional arguments. The Court of Criminal Appeals found no merit to Boyd's arguments and affirmed the trial court's judgment.
The State applied for a rehearing, arguing that the Court of Criminal Appeals had incorrectly held that Boyd did not have to serve the attorney general a copy of his complaint challenging the constitutionality of the CNA. The Court of Criminal Appeals overruled the application; however, Judge Shaw dissented and filed an opinion, in which Judge Wise concurred. Judge Shaw stated that he "would grant the State's application for rehearing for the sole purpose of addressing its contention that this Court's decision in Townsend v. City of Mobile,793 So.2d 828 (Ala.Crim.App. 1998), rev'd on other grounds,793 So.2d 835 (Ala. 2000), incorrectly states Alabama law." Boydv. State, 960 So.2d at 721. We originally issued the writ of certiorari to review whether § 6-6-227 applies to criminal statutes. We now quash our issuance of the writ of certiorari in this case. As is true of a denial of certiorari review, no inference can be drawn from the fact that the writ of certiorari in a particular case was quashed. See Ex parteR.B.Z., 725 So.2d 257, 260 ("Moreover, our denial of certiorari review should not be considered a ruling on the merits of *Page 724 
the controversy. Ex parte Cason, 515 So.2d 725
(Ala. 1987); Ex parte Glasco, 513 So.2d 61 (Ala. 1987);Ex parte McDaniel, 418 So.2d 934 (Ala. 1982)."). I concur to quash the writ because I believe the State's appeal was properly dismissed, although not for the reason stated by the Court of Criminal Appeals.
The State correctly argues, I believe, that Townsend
was wrongly decided because "the law is clear that `no implication, inference or presumption of a legislative construction shall be drawn from' the `classification and organization' of the Code. Ala. Code [1975,] § 1-1-14(a) (1999)." State's brief at 10. Section 1-1-14, Ala. Code 1975, renders the reasoning of Townsend unpersuasive because it precludes this Court from considering the fact that the Declaratory Judgment Act appears in the "Civil Practice" section of the Code in determining whether § 6-6-227 applies in criminal proceedings.[3] Instead of inferring the scope of the statute by looking to the organization of the Code, we look to the plain meaning of the statute. Ex parte Ward,957 So.2d 449, 452 (Ala. 2006) ("In determining the meaning of a statute or a court rule, this Court looks first to the plain meaning of the words as they are written.").
By its terms, § 6-6-227, Ala. Code 1975, applies to "any proceeding." The statute does not purport to limit its application to civil statutes, nor does it exclude challenges to criminal statutes. We will not add words to a statute in order to draw a certain meaning. Pace v. Armstrong World Indus.,Inc., 578 So.2d 281, 284 (Ala. 1991) ("generally courts may [not] insert words in the statute"). Thus, by the plain meaning of the phrase "any proceeding," the requirement in the Declaratory Judgment Act of service on the attorney general applies to all constitutional challenges to statutes, including criminal statutes.
Moreover, the legislative intent behind the statute supports the plain reading. "`[T]he fundamental rule is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained.'" Ex parte T.B., 698 So.2d 127,130 (Ala. 1997) (quoting Ex parte Holladay,466 So.2d 956, 960 (Ala. 1985)). We have held that "[t]he purpose of [the statute requiring service on the attorney general] is to give notice of the filing of the [complaint], and protect the state and its citizens should the parties be indifferent to the outcome of the litigation." Board of Trs. of Employees'Retirement Sys. of Montgomery v. Talley, 291 Ala. 307, 310,280 So.2d 553, 555 (1973). I see no reason why the State and its citizens should be protected from indifferent parties only when those parties oppose a civil statute. Such a reading would frustrate the intent of the legislature by unnecessarily limiting the protection § 6-6-227 affords the State and its citizens.
Boyd argues that the State does not need such protection or notice in a criminal *Page 725 
case, because, he says, "the state is a party in all criminal cases" and is represented "by the District Attorney's Office." Boyd's brief at 4. However, § 6-6-227 requires service on the attorney general specifically; it does not require service on the State generally. Service on a State entity is not equivalent to service on the attorney general, and the fact that the State is a party to the action does not obviate the need of notice to the attorney general concerning a constitutional challenge. SeeBowdoin v. State, 884 So.2d 865, 867 (Ala.Civ.App. 2003) ("concluding] that the attorney general was not properly served with notice of Bowdoin's constitutional challenge," even though the attorney for the Retirement Systems of Alabama, a State entity, was served); Stringer v. State ex rel. Valeska,628 So.2d 686, 688 (Ala.Civ.App. 1993) (although the State was a party to the action. "[b]ecause Stringer did not serve the attorney general, the trial court had no jurisdiction to decide the constitutional issues, and its judgment is void with regard to the constitutional issues"); Mohiuddin v. State Dep't ofIndus. Relations, 598 So.2d 925, 929 (Ala.Civ.App. 1992) (overruling an application for a rehearing on the ground that the party failed to serve the attorney general, even though the opposing party was a State entity). Thus, the State's status as a party to the action in a criminal proceeding does not satisfy the requirement of notice to the attorney general; service on a district attorney is not a substitute for service on the attorney general.
Because the requirement of service on the attorney general applies to challenges to criminal statutes and because Boyd failed to serve the attorney general and thereby to give the attorney general notice of his constitutional challenges in this case, I would dismiss these claims on procedural grounds, rather than on jurisdictional grounds.[4] *Page 726 
However, the requirement that the attorney general be served does not apply in this case. The attorney general must be served when parties challenge the constitutionality of a statute on its face, but the attorney general need not be served when parties challenge the constitutionality of a statute as it applies to them. See Bratton v. City of Florence, 688 So.2d 233
(Ala. 1996) (dismissing a constitutional challenge to a zoning ordinance on its face because the Brattons failed to serve the attorney general, but addressing the merits of the Brattons' argument regarding the Planning Commission's exercise of discretion in applying the zoning ordinance to them); andMobile County Dep't of Human Res. v. Mims,666 So.2d 22, 26 (Ala.Civ.App. 1995) (finding "no requirement that the Attorney General's office be served" when Mims challenged the constitutionality of the officials' enforcement of statutes against him, rather than challenging "the constitutionality of the statutes or regulations themselves").
Boyd challenges the constitutionality of the CNA as it is applied to him; because he is married to his victim's mother, he claims that prohibiting him from living with the victim or her family infringes on his right to marry. See Boyd's brief at 3 ("Boyd clearly had standing to raise this issue and there was sufficient evidence in the record to establish that he was married prior to these charges and even prior to the underlying conviction and that the Community Notification Act, asapplied to him, is unconstitutional." (emphasis in original)). Because Boyd's constitutional challenge concerns the constitutionality of the statute "as applied to him," Boyd was not required under § 6-6-227, Ala. Code 1975, to serve the attorney general. Therefore, his claims are not due to be dismissed for his failure to do so.
Although in my view the Court of Criminal Appeals erred in holding that § 6-6-227 requires notice to the attorney general only in challenges to civil statutes, Boyd's claims were not due to be dismissed because Boyd challenged the CNA as applied to him; therefore, I concur to quash the writ of certiorari.
PARKER, J., concurs.
[1] Section 15-20-26, Ala. Code 1975, provides, in pertinent part:
 "(a) Unless otherwise exempted by law, no adult criminal sex offender shall establish a residence or any other living accommodation or accept employment within 2,000 feet of the property on which any school or child care facility is located.
 "(b) Unless otherwise exempted by law, no adult criminal sex offender shall establish a residence or any other living accommodation within 1,000 feet of the property on which any of his or her former victims, or the victims' immediate family members reside."
[2] Section 6-6-227, Ala. Code 1975, a part of Alabama's Declaratory Judgment Act, provides:
 "All persons shall be made parties who have, or claim, any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons no); parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance, or franchise, such municipality shall be made a party and shall be entitled to be heard; and if the statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard."
[3] One possible explanation for the placement of the Declaratory Judgment Act in the civil-practice section of the Code is that "[d]eclaratory judgment actions are, by their nature, civil actions." Lyons v. Norris, 727 So.2d 780,780-81 (Ala. 1998) (Maddox, J., dissenting). However, the nature of a declaratory-judgment action does not necessarily determine whether it can be used to challenge a criminal statute; in fact, the majority in Lyons transferred the declaratory-judgment actions before it in that case to the Court of Criminal Appeals because "these causes [involving the reimbursement of expenses incurred in representing indigent defendants] are within the appellate jurisdiction of the Court of Criminal Appeals." 727 So.2d at 780.
[4] We have discussed a party's failure to comply with §6-6-227 in terms of a "jurisdictional" defect. See, e.g.,Bratton v. City of Florence, 688 So.2d 233, 234 (Ala. 1996) ("If the notice is not given, the courts will not have jurisdiction to resolve any claims based on the challenge to the constitutionality of the statute or ordinance."); Ex parteNorthport Health Serv., Inc., 682 So.2d 52, 55 (Ala. 1996) (quoting Ex parte St. Vincent's Hosp., 652 So.2d 225,228 (Ala. 1994) ("`When a party challenging the constitutionality of a statute fails to serve the attorney general, the trial court has no jurisdiction to decide the constitutional claim, and any judgment regarding that claim is void.'")); Wallace v.State, 507 So.2d 466, 468 (Ala. 1987) ("This Court has determined that service on the Attorney general, pursuant to § 6-6-227, is mandatory and jurisdictional.'" (quotingBarger v. Barger, 410 So.2d 17, 19 (Ala. 1982), which further states: "Because the widow failed to serve the Attorney General as required by state law, we hold that the trial court was without jurisdiction to decide the state and federal constitutional claims.")). However, this Court recently clarified the meaning of the term "jurisdiction" in Ex parteSeymour, 946 So.2d 536 (Ala. 2006).
In Seymour, we defined "jurisdiction" as "`[a] court's power to decide a case or issue a decree.' . . . Subject-matter jurisdiction concerns a court's power to decide certaintypes of cases." 946 So.2d at 538. Further, we concluded in Seymour that "[i]n deciding whether [a] claim properly challenges the trial court's subject-matter jurisdiction, we ask only whether the trial court had the constitutional and statutory authority to try the offense. . . ." 946 So.2d at 538.
The general jurisdiction conferred on circuit courts by the Alabama Constitution, and further by the Declaratory Judgment Act, grants them the authority to hear actions in which parties seek a declaratory judgment as to the constitutionality of a statute. See Amend. No. 328, § 6.04(b), Ala. Const. 1901 (§ 142, Ala. Const. 1901 (Off.Recomp.)); and § 6-6-222, Ala. Code 1975. Section 6-6-227, Ala. Code 1975, purports to require that the attorney general be given notice and the opportunity to be heard in such a case; however, it does not purport to take away the court's jurisdiction when a party fails to serve the attorney general. Because a party's failure to serve the attorney general does not deprive the court of its authority to decide the "type of case," such a defect is not truly "jurisdictional."